Nos. 24-5734, 24-5980, & 24-6375

IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

ADRIAN HUMBERTO RIOS, by and through his guardian *ad litem*, Brenda Yvette Ceja, ADRIAN RIOS JR., and M.P.R., a minor, by and through her guardian *ad litem*, Brenda Yvette Ceja,

*Plaintiffs-Appellees/Cross-Appellants*,

vs.

CITY OF AZUSA, BENJAMIN CYPHER, V. GARCIA, RICHARD MARTINEZ, STEVEN D. SEARS, MICHAEL DE ANDA, MICHAEL WISE, and ZACHARY CHADWICK ,

*Defendants-Appellants/Cross-Appellees*,

– and –

COUNTY OF LOS ANGELES and JACOB DAO,

*Defendants-Cross-Appellees*.

_____

On Appeal from the United States District Court
For the Central District of California
The Honorable Wesley L. Hsu
District Court Case No. 2:22-cv-03968 WLH (RAOx)

_____

**CITY DEFENDANTS' REPLY TO ORDER RE: JURISDICTION**

_____

| | |
|---|---|
| MANNING & KASS | MANNING & KASS |
| ELLROD, RAMIREZ, TRESTER LLP | ELLROD, RAMIREZ, TRESTER LLP |
| Yury A. Kolesnikov (271173) | Mildred K. O'Linn (159055) |
| 225 Broadway, Suite 1200 | 801 S. Figueroa Street, 15th Floor |
| San Diego, California 92101 | Los Angeles, Ca 90017 |
| Telephone: (619) 515-0269 | Telephone: (213) 624-6900 |
| Facsimile: (619) 515-0268 | Facsimile: (213) 624-6999 |

*Attorneys for Defendants-Appellants/Cross-Appellees City of Azusa, Benjamin Cypher, V. Garcia, Richard Martinez, Steven D. Sears, Michael De Anda, Michael Wise, and Zachary Chadwick*

Dated: December 5, 2024

## Table of Contents

INTRODUCTION ..................................................................................................1

ARGUMENT........................................................................................................2

    I.      The Court Can Exercise Pendent Jurisdiction Over the City's Appeal................................................................................2

    II.     Pendent Jurisdiction Is Lacking Over Plaintiffs' Cross-Appeal...................................................................................5

CONCLUSION ....................................................................................................8

CERTIFICATE OF SERVICE ...........................................................................10

# Table of Authorities

**Cases**

*Cnty. of Sacramento v. Lewis*,
 523 U.S. 833 (1998) ..................................................................................6

*Huskey v. City of San Jose*,
 204 F.3d 893 (9th Cir. 2000) ....................................................................3

*Mendocino Envtl. Ctr. v. Mendocino Cnty.*,
 192 F.3d 1283 (9th Cir. 1999) ............................................................7, 8

*Moreland v. Las Vegas Metro. Police Dep't*,
 159 F.3d 365 (9th Cir. 1998) ....................................................................6

*Ochoa v. City of Mesa*,
 26 F.4th 1050 (9th Cir. 2022) ...................................................................6

*Williams v. City of Sparks*,
 112 F.4th 635 (9th Cir. 2024) ...............................................................3, 6

## INTRODUCTION

The City Defendants respectfully submit this reply to Plaintiffs' response to the Court's order to show cause.[1] As set forth in the City's initial response, the Court can properly exercise pendent jurisdiction over the City's appeal because the Court's ruling on the Officer Defendants' claims would *necessarily resolve* the City's claims and, thus, the claims as to which the City is appealing are *inextricably intertwined* with the claims over which this Court has jurisdiction. In addition, because most of the appealed claims against the City are premised solely on vicarious liability, judicial efficiency warrants exercising jurisdiction over the City's appeal.

In contrast, pendent jurisdiction is lacking over Plaintiffs' cross-appeal from the district court's grant of summary judgment to the Officer Defendants on Plaintiffs' Fourteenth Amendment claim. The court granted summary judgment on this claim based on the second prong of the qualified immunity analysis—concluding that Plaintiffs failed to meet their burden of

---

[1] This reply utilizes all of the defined terms from the City Defendants' initial response to the Court's order to show cause. Unless otherwise noted, internal citations and quotation marks are omitted, and emphasis is added.

1

demonstrating that the Officer Defendants violated clearly-established law. The district court correctly held that Fourth Amendment and Fourteenth Amendment claims are based on different standards and, as a result, *Fourth Amendment* excessive-force cases are *not* instructive on whether the Officer Defendants violated the *Fourteenth Amendment*. Given different standards and different case law, a decision on Plaintiffs' Fourth Amendment excessive-force claim would *not* "necessarily resolve" whether the Officer Defendants violated a clearly established Fourteenth Amendment right. As a result, there is no basis for this Court to exercise pendent jurisdiction.

For all these reasons, the Court should exercise jurisdiction over the City's appeal but dismiss Plaintiffs' cross-appeal for lack of jurisdiction.

## ARGUMENT

## I. The Court Can Exercise Pendent Jurisdiction Over the City's Appeal

The City's appeal from the order denying summary judgment as to the state-law claims (assault and battery, negligence, and violation of the Bane Act) presents a straight-forward application of the pendent jurisdiction test. Plaintiffs do not dispute that the *only* basis for liability against the City as to

these claims is based on vicarious liability. *See also* Dkt. No. 153 at 19–20 (district court's order); Dkt. No. 89 at ¶¶ 224, 235, 283 (SAC). As a result, if this Court concludes that the district court erred in denying summary judgment to the Officer Defendants on these claims, that conclusion would ***necessary resolve*** these claims for the City as well. Accordingly, the Court can properly exercise pendent jurisdiction over the City's appeal as to the state-law claims. *See, e.g.*, *Williams v. City of Sparks*, 112 F.4th 635, 646–47 (9th Cir. 2024) (exercising pendent jurisdiction over *Monell* claims and state-law battery claim); *Huskey v. City of San Jose*, 204 F.3d 893, 904–05 (9th Cir. 2000) (exercising pendent jurisdiction over a *Monell* claim).

Plaintiffs' arguments to the contrary are misplaced. Plaintiffs first suggest that the Court lacks jurisdiction over *fact*-based determinations. But the City Defendants' appeal is based on the district court's erroneous application of the law to facts and its erroneous admission of Mr. Brown's inadmissible declaration, not on any fact-based determinations.

Plaintiffs next argue that because state-law assault and battery and negligence claims are broader than federal § 1983 claims, the Court's ruling

3

on the Fourth Amendment claim would not necessarily resolve the state-law claims. Not so. As the district court correctly observed, *in this case*, "[t]he parties agree that Plaintiffs' claims for assault and battery and negligence *rise and fall with the excessive force claim*." Dkt. No. 153 at 19. Consistent with the foregoing, the district court denied summary judgment as to the assault and battery and negligence claims *for the same reasons* as it denied the motion as to Plaintiffs' excessive force claim. *See id.* Thus, if this Court concludes that the Officer Defendants used objectively reasonable force, that determination would necessarily resolve Plaintiffs' assault and battery and negligence claims—both for the Officer Defendants *and* the City.

Moreover, given that the City's liability is premised solely on vicarious liability, judicial efficiency favors resolving the City's appeal as to the assault and battery, negligence, and Bane Act claims at the same time as the Officer Defendants' appeal *from the same claims*. If the Court were to reverse the denial of summary judgment to the Officer Defendants, that would necessarily entitle the City to summary judgment on these claims. Judicial efficiency thus favors resolving these claims now rather than in piecemeal

4

appeals, particularly because the district court proceedings are already effectively stayed pending the resolution of this appeal. *See* Dkt. No. 162 (vacating all deadlines in light of the notices of appeal).

Finally, while the ADA claim does encompass different elements and proof than the other claims, judicial efficiency similarly favors resolving this claim as part of this appeal rather than requiring the parties to proceed to trial only on this single claim. Doing so would also avoid piecemeal appeals.

## II. Pendent Jurisdiction Is Lacking Over Plaintiffs' Cross-Appeal

In contrast, Plaintiffs' cross-appeal (No. 24-5980) is contrary to well-settled rules governing pendent jurisdiction. It concerns a single claim—unlawful interference with familial relationship in violation of the Fourteenth Amendment. The court granted summary judgment on this claim, concluding that the Officer Defendants were entitled to qualified immunity because Plaintiffs failed to meet their burden to demonstrate that the Officer Defendants' conduct violated clearly-established law. *See* Dkt. No. 153 at 21–24. In doing so, the court correctly observed that because of different standards, the *Fourth Amendment* excessive-force cases were ***not***

5

instructive on whether the Officer Defendants violated a clearly-established *Fourteenth Amendment* right. *See id.* at 22. Plaintiffs' response to this Court's order to show cause fails to grapple with this fundamental defect.

In a non-custodial context, the standard under the Fourteenth Amendment is ***more demanding*** than under the Fourth Amendment because such claim is being asserted "by a relative" of the victim instead of "by the victim of an officer's actions." *See Ochoa v. City of Mesa*, 26 F.4th 1050, 1056–57 (9th Cir. 2022). As a result, "it may be possible for an officer's conduct to be objectively unreasonable [under the Fourth Amendment] yet still ***not*** infringe the more demanding standard that governs substantive due process claims [under the Fourteenth Amendment]." *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 n.4 (9th Cir. 1998) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 855 (1998)).

Given the foregoing, Plaintiffs ***cannot*** demonstrate that the resolution of their excessive-force claim would "necessarily resolve[]" the pendent Fourteenth Amendment claim. *See Williams*, 112 F.4th at 646–47. On the contrary, whether the district court correctly granted summary judgment on

the Fourteenth Amendment claim depends entirely on whether Plaintiffs can point to clearly-established *Fourteenth Amendment* case law at the time of the incident. It has nothing to do with whether the Officer Defendants used objectively reasonable force or whether their conduct violated a clearly-established Fourth Amendment right, which are the inquiries this Court will be considering as part of the City Defendants' appeal. The two issues are wholly independent. As a result, the pendent Fourteenth Amendment claim is ***not*** inextricably intertwined with the claims over which this Court has jurisdiction and, thus, the Court should ***not*** exercise pendent jurisdiction.

Plaintiffs' single cited case is inapposite. In *Mendocino Environmental Center v. Mendocino County*, three police officers appealed from the district court's denial of qualified immunity as to the Fourth Amendment claim. *See* 192 F.3d 1283, 1288 (9th Cir. 1999). Plaintiffs cross-appealed from the district court's grant of summary judgment in favor of the police officers on the First Amendment and conspiracy claims. *Id.* The Court found the issues to be inextricably intertwined and chose to exercise pendent jurisdiction because: (1) ***both sides*** relied heavily on the resolution of the pendent conspiracy issue

7

"*as dispositive*" of the qualified-immunity question; and (2) the Court's own preliminary review suggested "that the conspiracy ruling could well be *determinative* of [the] appeal." *Id.* at 1297.

Here, in contrast, this Court's resolution of the qualified-immunity appeal would *not* be dispositive of the cross-appeal, nor would the resolution of the pendent Fourteenth Amendment claim be dispositive of the City Defendants' qualified-immunity appeal. Rather, as discussed above, the cross-appeal involves wholly separate and independent inquiries: (1) whether the Officer Defendants' conduct shocked the conscience or was deliberately indifferent; and, more importantly, (2) whether the Officer Defendants' conduct violated a clearly-established *Fourteenth Amendment* right. These issues are *not* inextricably intertwined with the merits of the City Defendants' appeal and, thus, pendent jurisdiction is lacking.

## CONCLUSION

For all the foregoing reasons, and the reasons set forth in the City's initial response, the Court can properly exercise pendent jurisdiction over the City's appeal. In contrast, pendent jurisdiction is lacking over Plaintiffs'

8

cross-appeal, and the Court should dismiss it for lack of jurisdiction.

DATED:  December 5, 2024          Respectfully submitted,

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Yury A. Kolesnikov (271173)

    /s/ *Yury A. Kolesnikov*
Yury A. Kolesnikov

225 Broadway, Suite 1200
San Diego, California  92101
Telephone:   (619) 515-0269
Facsimile:     (619) 515-0268

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Mildred K. O'Linn (159055)
801 S. Figueroa Street, 15th Floor
Los Angeles, California  90017
Telephone:   (213) 624-6900
Facsimile:     (213) 624-699

*Counsel for Defendants-Appellants/*
*Cross-Appellees City of Azusa, Benjamin*
*Cypher, V. Garcia, Richard Martinez,*
*Steven D. Sears, Michael De Anda,*
*Michael Wise, and Zachary Chadwick*

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2024, I caused the foregoing City Defendants' Reply to Order re: Jurisdiction to be electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the appellate ACMS system. Participants in the case who are registered ACMS users will be served by the appellate ACMS system.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of December 2024, at San Diego, California.

_s/ Yury A. Kolesnikov_
Yury A. Kolesnikov
